Mary Shea Hagebols (SBN 113222)
SHEA LAW OFFICES
1814 Franklin Street, Suite 800
Oakland, CA 94612
Tel: 510-208-4422
Fax: 415-520-9407
Email: mary@shealaw.com

Attorneys for Plaintiffs JOHN DOE (a pseudonym)
and JANE DOE (a pseudonym)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

-Oakland/San Francisco-

| | |
|---|---|
| JOHN DOE (a pseudonym) and JANE DOE (a pseudonym),<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>CITY OF NOVATO; LT. OLIVER COLLINS; and DOES 1-10.<br><br>　　　　　Defendants. | Case No.:<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. DISCRIMINATION ON THE BASIS OF SEX IN VIOLATION OF TITLE VII<br>2. HARASSMENT ON THE BASIS OF SEX IN VIOLATION OF TITLE VII<br>3. SEXUAL ORIENTATION DISCRIMINATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT<br>4. SEXUAL ORIENTATION HARASSMENT IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT<br>5. GENDER BASED DISCRIMINATION IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT |

|  | 6. GENDER BASED HARASSMENT IN VIOLATION OF THE FAIR EMPLOYMENT AND HOUSING ACT<br>7. RETALIATION<br>8. FAILURE TO INVESTIGATE AND PREVENT DISCRIMINATION  AND HARASSMENT<br>9. DECLARATORY AND INJUNCTIVE RELIEF<br><br>**REQUEST FOR JURY TRIAL** |
|---|---|

COMES NOW, Plaintiffs, JOHN DOE (a pseudonym) and JANE DOE (a pseudonym) and hereby complain against the CITY OF NOVATO, OLVIER COLLINS and DOES 1-10, as follows:

## JURISDICTION

1.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343(3) as the controversy arises under "the constitution, laws or treaties of the United States."

2.     This Court has supplemental jurisdiction over Plaintiffs California state law claims pursuant to 28 U.S.C. § 1367.

## VENUE

3.     Venue is proper in the Northern District of California pursuant to 28 U.S.C § 1391(b) because the acts, events or omissions giving rise to this action occurred in this District.

## PARTIES

4.     At all times material to this Complaint, Plaintiff JOHN DOE was a resident of the County of Sonoma in the State of California.  Plaintiff JOHN DOE is

suing under pseudonym for personal safety and security reason as he is a California peace officer

5.     At all times material to this Complaint, Plaintiff JANE DOE was a resident of the County of Sonoma in the State of California. Plaintiff JANE DOE is suing under pseudonym for personal safety and security reason as she is a California peace officer

6.     Both Plaintiff John Doe and Plaintiff Jane Doe may be collectively referred to as "Plaintiffs" herein.  Plaintiffs are long term employees with the City of Novato working in the Police Department.

7.     Plaintiffs are informed and believes that Defendant CITY OF NOVATO is a public entity.

8.     Defendant OLIVER COLLINS is an individual employed by Defendant CITY OF NOVATO.  Plaintiffs are informed and believe that Defendant COLLINS is a resident of the County of Contra Costa County State of California.  At times relevant to this Complaint, COLLINS was a supervisor of Plaintiffs with the authority to alter the plaintiffs' employment status and working conditions.

9.     Plaintiffs are informed and believe that CITY OF NOVATO, DOES 1 to 10, and possibly others were the joint-employers of Plaintiff.

10.     Plaintiffs are ignorant of the true names and capacities of the Defendants sued herein as DOES 1 to 10, inclusive, and therefore sues these Defendants by such fictitious names.  Plaintiffs will amend the Complaint to allege their true names and capacities when ascertained.

11.     Plaintiffs are informed and believe, and thereon alleges, that Defendants and each of them are responsible under the law in some manner for the unlawful actions and unlawful practices complained of herein.

12.     Plaintiffs are informed and believe, and thereon alleges, that at all times material hereto and mentioned herein, each Defendant sued (both named and DOE Defendants) was the successor in interest, predecessor in interest, agent, servant, employer, joint-employer, joint venture, contractor, contractee, partner, division owner,

co-owner, subsidiary, division, alias, and/or alter ego of each of the remaining defendants and was, at all times, acting within the purpose and scope of such agency, servitude, employment, contract, ownership, subsidiary, alias and/or alter ego and with the authority consent, approval, control, influence and ratification of each remaining Defendants sued herein.

13.     Plaintiffs are informed and believe, and thereon allege, that each and all of the acts and omissions alleged herein were performed by, and/or are attributed to, all Defendants, each acting as agents, employees, and/or co-conspirators, and/or under the direction and control, of each of the other Defendants; and that said acts and failures to act were within the course and scope of said agency, employment, conspiracy and/or direction and control.

14.     Defendants, and each of them, were at all times an "employer" within the meaning of Title VII (42 U.S.C. § 2000e(b)) and the Fair Employment and Housing Act (Cal. Gov. §12926(d).)  Therefore, Defendants were prohibited from engaging in acts of discrimination, harassment and/or retaliation against employees based on age and sexual orientation.  Defendants are further required to take all reasonable steps necessary to prevent discrimination and harassment from occurring, including taking immediate and appropriate corrective action in response to unlawful conduct.

15.     The unlawful employment practices complained of herein occurred within the County of Marin, State of California.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

16.     Plaintiff John Doe filed a claim of discrimination with California Fair Employment and Housing Commission (Case No. 670937- 200807) on or about December 22, 2015 and received a right to sue notice on the same date.  Plaintiff cross-filed the claim with the Equal Employment Opportunity Commission ("EEOC") (Case No. 550210600497).  The EEOC issued a right to sue notice on or about June 22, 2015.

17.     Plaintiff Jane Doe filed a timely complaint with the EEOC, Case No. 550-2015-00699C, which was also filed with the California Department of Fair Employment and Housing.  The DFEH provided Plaintiff a right to sue notice dated June 22, 2015.

18.     On or about December 22, 2015, Plaintiff John Doe filed a Government Tort Claim against the CITY OF NOVATO and OLIVER COLLINS.  The CITY OF NOVATO denied plaintiff's tort claim on or about February 16. 2016.

19.     Plaintiffs are informed and believe that they have satisfied all private, administrative and judicial prerequisites to the institution of this action.

20.     This action is not preempted by the California Workers' Compensation Act because discrimination, harassment, failure to investigate and retaliation are not risks or conditions of employment.

## CONTINUING VIOLATIONS/EQUITABLE TOLLING

21.     The wrongful acts and omissions giving rise to the Defendants' liability in this action commenced in or about 2014 and are "continuing" in nature to the present time.  At all times, Plaintiff endeavored to resolve his disputes through the internal grievance/complaint process directly with Defendant CITY OF NOVATO. Accordingly, Plaintiffs assert the doctrine of "equitable tolling" on all his claims during the period that he was endeavoring to resolve his disputes internally.  (Cal. Gov. Code § 12965 (e)(2)(C)(2).)

## FACTUAL DISCUSSION

22.     Defendant CITY OF NOVATO employed Plaintiff JOHN DOE as a canine officer.  Defendant CITY OF NOVATO employed Plaintiff JANE DOE in various capacities as a law enforcement officer and is currently a Patrol Sergeant.

23.     Plaintiff John Doe is a homosexual male.  Plaintiff Jane Doe is female.

**Plaintiff Jane Doe**

24.     Defendants hired Plaintiff Jane Doe in or about May 2000.  In or about June 2006, defendants appointed plaintiff to a four-year specialty assignment as a School Resource Officer.

25.     Plaintiff Jane Doe was the Employee of the Year for the Police Department in 2007.  Plaintiff Jane Doe is a Field Training Officer with nine years of experience training new police officers.  Plaintiff Jane Doe is a Peace Officer Standards and Training (POST) certified instructor.  She has taught a variety of topics at the Novato Police Department including recently instructing officers on report writing and criminal law.

26.     As a Sergeant, Plaintiff Jane Doe is also responsible for on-the-job training of police officers.  Plaintiff Jane Doe is a member of the California Association of School Resource Officers, California Narcotics Officers Association, and California Association of Hostage Negotiators.

27.     For times material to this complaint, Plaintiff Jane Doe was the immediate supervisor of her co-plaintiff, Plaintiff John Doe.

28.     The Department has a practice of treating female officers differently in handling job promotions.  In June 2011, Defendants promoted Plaintiff Jane Doe to Sergeant.  That year, the two top scores on the Sergeant's exam were female employees including Plaintiff Jane Doe.  For the first time of which plaintiff is aware, and not since that time, the scores were published, via email, to employees of the department.  Similar information to justify the promotions of male employees had never been disseminated in the department.

29.     In January 2013, Collins became Plaintiff Jane Doe's immediate supervisor.

30.     Plaintiff Jane Doe was the only female Patrol Sergeant or employee directly supervised by Lt. Oliver Collins for approximately two years.  While under Collins' supervision, Plaintiff Jane Doe experienced gender discrimination and

witnessed gender based discrimination of other employees in the Novato Police Department.  During this time, Lt. Collins engaged in a pattern of hostile conduct that demeaned plaintiff and other female employees.

31.    Lt. Collins subjected Plaintiff Jane Doe to unwarranted scrutiny including auditing recordings of her police radio traffic and computer assisted dispatch records. Lt Collins subjected her written work and reviewed reports to unwarranted scrutiny. Male patrol sergeants were not subjected to this type of unwarranted scrutiny.

32.    Defendants further retaliated against Plaintiff Jane Doe for her participation in the gender discrimination investigation based on a complaint by Officer Melissa Hinkle. (Hinkle and Plaintiff Jane Doe were School Resource Officers together and they worked as partners.)

33.    In or about June 2014, defendants interviewed Plaintiff Jane Doe regarding a complaint by Officer Melissa Hinkle.  Plaintiff Jane Doe reported she knew of no reason to deny a shift trade and described a conversation about it between Sgt. Nick Frey, Sgt. James Tross, and herself.  Plaintiff Jane Doe further reported concerns about Lt. Collins' interactions with female supervisors.  Plaintiff is informed and believes Lt. Collins knew Plaintiff Jane Doe participated in this interview.

34.    Approximately one week after Plaintiff Jane Doe was interviewed as witness concerning the Hinkle grievance against Lt. Collins, plaintiff received her yearly evaluation prepared by Lt. Collins.  Defendant Collins rated Plaintiff's work performance significantly lower than any past evaluation and did not document many positive work activities. Plaintiff provided Lt. Collins with documents detailing her positive work performance which she requested to be included in her evaluation. Lt. Collins ignored the majority of the information and did not include it in the evaluation. He further demonstrated his unwillingness to listen to plaintiff's concerns.

35.    Following Collins' refusal to consider relevant information to her evaluation, Plaintiff Jane Doe wrote a three page addendum to her evaluation which she requested be forwarded to Chief Berg.  Defendants ignored plaintiff's concerns and

neither Collins' supervisor, Captain Gillotte, nor Chief Berg met with Plaintiff or otherwise made any effort to address or clarify her concerns.  Although both Captain Gillotte and Chief Berg's signed the evaluation with plaintiff's addendum attached, they failed to take any action to intervene in this matter.  Defendants permitted Collins to continue to engage in retaliatory conduct.

36.     In December 2014, Plaintiff Jane Doe hosted the Novato Police Officer Association's holiday party.  Lt. Collins attended the party wearing a belt buckle clearly displaying the word "dick" in large letters.

37.     In February 2015, Collins became the Acting Captain of the Operations Division.

38.     Plaintiff Jane Doe served as Acting Lieutenant from January 11 to February 7, 2015 and was assigned to a work station in the Lieutenant Office.  During this assignment, Lt. Collins did not speak to Plaintiff unless she asked him a direct question or a male employee was in the office.  Lt. Collins explained he was "too busy" to speak with Plaintiff during their 10 hour shifts.  Plaintiff felt so unwelcome in the Lieutenant Office that she often performed her duties during her assignment as an acting lieutenant in the Sergeant Office.

39.     On at least two occasions, Lt. Collins falsely claimed in documentation that Plaintiff Jane Doe did not properly supervise the officers under her command.  Despite this alleged concern, Lt. Collins failed to provide on-the-job or remedial training to Plaintiff.

40.     In or about January 2014 and on or about March 17, 2015, Lt. Collins documented his concerns about Plaintiff's work performance in "educational reminder memos" without fully investigating the incidents and without discussing the matter with Plaintiff to obtain her input.  At a later time, Lt. McCarthy expressed his concerns to Plaintiff Jane Doe that the incidents were not properly investigated by Lt. Collins.

41.     On or about March 18, 2015, Chief Berg summoned Plaintiff Jane Doe to the Lieutenant's Office for a closed door meeting including Lt. Collins.  Chief Berg

said he found Plaintiff's work performance unacceptable and he held Plaintiff Jane Doe personally responsible for a number of officers leaving the Novato Police Department to work at other law enforcement agencies. Chief Berg threatened Plaintiff that she would face "consequences" if her work performance and relationships with other employees did not improve.

42.    Lt. Collins' often limits his communication with Plaintiff Jane Doe to city email. The content of his emails is often demeaning or hostile.  Attempts by Plaintiff Jane Doe to improve communication have been rebuffed or deemed "unresponsive". Unlike his actions toward her male counterparts, Lt. Collins rarely engages Plaintiff in conversation and generally ignores Plaintiff unless she directly speaks to him.

43.    In or about March 2015, Lt. Collins summoned three officers, supervised by Plaintiff Jane Doe – Officer Wes Carroll, Officer Taylor Barnes, and Officer Nelson Orantes – into his office and questioned them about Plaintiff and her work performance. Plaintiff is informed and believes Lt. Collins was unreasonably and unfairly seeking to discredit Plaintiff's performance.

44.    In addition, Plaintiff Jane Doe has observed Lt. Collins engage in targeted harassment of the senior member of Plaintiff Jane Doe squad, Plaintiff John Doe.  Lt. Collins became increasingly hostile and demeaning toward John Doe since Plaintiff became his direct supervisor.  Lt. Collins' efforts are made to undermine Plaintiff Jane Doe's ability to perform her duties as a supervisor.  His actions cause needless concern and anxiety for the members of Plaintiff Jane Doe's squad, and has had a negative effect on morale.

45.    At no time, while Plaintiff Jane Doe has been supervised by Lt. Collins has she been served with the required notice of an internal investigation based on lack of proper supervision, or violation of any policy, procedure, rule, or regulation of the Novato Police Department.

46.    In addition to the conduct of Lt. Collins and Chief Berg, in the fall of 2014, Corporal Christopher Andres, a direct subordinate of Lt. Collins, with the

approval and encouragement of Lt. Collins, has repeatedly been insubordinate to Plaintiff Jane Doe and has attempted to undermine her authority as a supervisor.

47. On or about October 15, 2014, Corporal Andres was counseled by Acting Lt. Michael Howard and Captain Gillotte regarding his lack of respect for Plaintiff Jane Doe and her position as a Patrol Sergeant.

48. After an incident on or about March 2, 2015, Plaintiff Jane Doe counseled Corporal Andres for a violation of Standard Operating Procedure and disrespect to a supervisor. Thereafter, Corporal Andres engaged in conduct to undermine Plaintiff Jane Doe's ability to supervise her squad. Plaintiff reported the March 2, 2015 incident to Lt. Collins, who took no documented action or otherwise responded to Plaintiff Jane Doe.

49. On or about April 7, 2015, Corporal Andres used the city email system to solicit other employees to engage in conduct that would undermine Plaintiff Jane Doe's authority as a supervisor. Corporal Andres has been observed reporting Plaintiff's action and work performance of the officers under her supervision to Lt. Collins. Corporal Andres engaged in this conduct toward her based on her gender. His continued actions are encouraged by and receive the approval of Lt. Collins.

50. Lt. Collins has engaged in continued discriminatory behavior against other females including members of the Crisis Negotiation Team. The majority of the team consists of female employees. Over the course of his tenure as the Crisis Response Team Commander (supervising CNT), Lt. Collins failed to provide adequate training and denied equipment and uniform requests for the entire CNT team due to the team leaders' gender.

51. On or about April 8, 2015, Lt. Collins refused to authorize the transfer of funds for the purchase of required uniform pants for CNT, The Department provides the CNT uniform. During this discussion with CNT leaders, Lt Collins said the team members could buy their own CNT uniform pants. In contrast, the four new members of the Special Response Team (SRT), an all male team, who have not yet attended basic

_____

SWAT training, were provided with new uniforms and safety equipment. SRT shares its budget with CNT and is also supervised by Lt. Collins.

52.     On or about April 30, 2015, Plaintiff Jane Doe submitted a formal grievance to the City of Novato.

53.     On or about December 29, 2015, Plaintiff Jane Doe forwarded an addendum to her yearly evaluation to the City of Novato reporting continuing discrimination and harassment during evaluation preparation and review, including attachment of a log entry memorandum entitled "Supervision" to her 2014-2015 evaluation which was inaccurate and contrary to policy.  Plaintiff further reported that her evaluation process was taking an extended amount of time.  She received a response from the Acting Chief stating the memorandum was attached to her evaluation in error.

54.     Chief Berg was aware of this discriminatory and retaliatory conduct and allowed it to continue contributing to hostile work environment conditions. Defendants have retaliated against Plaintiff Jane Doe for her participation in a past gender discrimination grievance.

**Plaintiff John Doe**

55.     Plaintiff John Doe is a fourteen year employee of the City of Novato.  At time relevant to this complaint was working as a canine officer in the police department, directly supervised by his co-plaintiff, Jane Doe.  Plaintiff John Doe is a highly experienced and well qualified canine officer.

56.     As a result of the gender based discrimination against Plaintiff Jane Doe, Lt. Collins subjected Plaintiff Jane Doe's subordinates, including Plaintiff John Doe, to unwarranted harassment and discrimination.  Lt. Collins further targeted Plaintiff John Doe for unwelcome harassment and discrimination on the basis of his sexual orientation.

57.     Unlawful discriminatory policies and practices by defendants against Plaintiff John Doe included, but is not limited to:

    a.   Harassing plaintiff on the basis of sexual orientation;

b. Denying plaintiff training opportunities;

c. Limiting promotional opportunities to plaintiff;

d. Subjecting plaintiff to unwarranted disciplinary action;

e. Retaliating against plaintiff for raising concerns about Collins' discriminatory behavior;

f. Failing to recognize, investigate, acknowledge and take all necessary and reasonable steps to prevent unlawful harassment, discrimination and retaliation from occurring and to remedy these illegal actions brought to Defendants attention.  Defendants permitted the unlawful acts to continue.

58.    Plaintiffs allege the adverse employment actions were motivated by a discriminatory animus toward plaintiff's sexual orientation and that he was targeted as an employee under the supervision of Plaintiff Jane Doe who was being discriminated against on the basis of gender.

59.    Beginning in 2013 or earlier, Lt. Oliver Collins subjected Plaintiff John Doe to bullying, escalating harassment, hyper-scrutiny, disciplinary action and discrimination based on Plaintiff's sexual orientation.  Similarly situated heterosexual male officers employed by Defendants and/or under Lt. Collins' supervision are not subjected to similar conduct.  Plaintiff complained internally regarding Collins' offensive and illegal conduct.  Prior to Plaintiff's complaint regarding Collins, in the four years in the canine unit, Plaintiff John Doe had never been written up or disciplined for any reason.

60.    At that time plaintiff made his internal complaint, City of Novato officials assured Plaintiff he would not be subject to retaliation.  However, despite these assurances, Collins escalated his campaign of harassment which included writing up Plaintiff three times and denying him training opportunities.

61.    In or about September 2014, Lt. Collins wrote unwarranted emails concerning Plaintiff John Doe's work in the canine unit.  The emails continued through December 2014, until Plaintiff John Doe submitted a concern or complaint to

supervisors regarding the content of the emails from Lt. Collins.  Thereafter, Lt. Collins engaged in a pattern of discriminatory retaliation.  Lt Collins order sergeant to view the policies to all uniformed officer causing further embarrassment and humiliation.

62.    In March 2015, Lt Collins' denied Officer John Doe use of his canine vehicle and reported this information was reported to Department of Public Works via email causing a mechanic to inspect the vehicle.

63.    During a briefing, Lt. Collins scrutinized Officer John Doe's uniform service stripes and later ordered removal of some of the stripes obtained in a state other than California.  Lt. Collins also ordered all Sergeants to review service stripe policy/procedure causing Plaintiff John Doe to become embarrassed and upset.

64.    On or about August 5, 2015, Lt. Collins issued a "write-up" to Plaintiff John Doe for late preparation of certain school forms.  The custom and practice for officers in the canine unit was to allow leeway on form preparation.  When Lt. Collins discussed the matter with him, Plaintiff John Doe understood that no write-up was forthcoming.  At the same time, two other officers were also late on their forms and received no write-ups.

65.    Plaintiff John Doe is informed and believes at the time of the write-up that Collins was aware Plaintiff John Doe had made a complaint about him.

66.    Collins issued a second write-up to Plaintiff John Doe on or about September 5, 2015 regarding preparation of training forms.  As a result of a computer problems and lack of training, Plaintiff John Doe was unable to complete the computerized fill-in form.  Instead, Plaintiff John Doe emailed completed hand written forms to the secretary with requests for assistance on the computer.  He received no response from the secretary.

67.    A few days prior to the write-up, Collins sent an email to Plaintiff John Doe claiming he had not received any training forms for an entire year.  Plaintiff John Doe responded with the explanation concerning the computer problem.  Another employee then worked with Plaintiff to assist him to prepare computerized forms.

However, before he had reasonable time to complete preparation of nearly thirty forms, he received the write-up.  Another Lieutenant was surprised to learn Plaintiff John Doe received a write-up on this basis.  The write-ups by Collins are retaliation for the complaint previously raised by Plaintiff John Doe.

68.     Plaintiff John Doe received a third write-up on or about fall of 2015 for missing a presentation regarding a fundraiser because Plaintiff entered the date incorrectly in his calendar.

69.     Defendants' unlawful actions culminated in placing Plaintiff John Doe on administrative leave on or about March 15, 2016.

70.     Defendants have engaged in an unlawful pattern and practice of discriminatory employment practices.  These actions significantly impacted plaintiffs' work performance and created a hostile work environment for plaintiffs and other employees.

71.     Throughout their employment, Defendants subjected Plaintiffs to discriminatory policies and practices on the basis of sexual orientation and gender causing Plaintiffs to sustain damages.

## FIRST CLAIM FOR RELIEF

### DISCRIMINATION ON THE BASIS OF SEX IN
### VIOLATION OF TITLE VII
### (AGAINST ALL DEFENDANTS)

72.     Plaintiffs incorporate herein by reference the preceding Paragraphs of this Complaint as fully set forth herein. This cause of action is alleged against all Defendants.

73.     Title VII prohibits an employer and any person from discrimination of the bases of gender.  Specifically the Act provides that it is unlawful to "discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment," based on the individual's sex.  The Act further provides it is unlawful

to "deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee," on the basis of sex.  (42 U.S.C. § 2000-e (a)(1) and (2).)

74.     Discrimination based on sexual orientation is discrimination on the basis of sex under Title VII.  (*Baldwin v. Dep't of Transportation*, EEOC Appeal No. 0120133080 (July 15, 2015).

75.     Defendants' actions negatively affected the terms and conditions of plaintiffs' employment.  A substantial motivating factor for Defendants' unlawful actions was discrimination based on Plaintiff John Doe sexual orientation and Plaintiff Jane Doe's gender.

76.     Plaintiffs sustained an adverse employment action by Defendants as heretofore alleged.

77.     As a direct and proximate result of Defendants' discriminatory actions, Plaintiffs have suffered, embarrassment, loss of dignity, great humiliation, and emotional distress.

78.     As a direct, foreseeable and proximate result of Defendants' acts, Plaintiffs have suffered and continues to suffer loss of promotional opportunities, training opportunities, economic losses, lost benefits, and other consequential and foreseeable damages.

79.     By reason of Defendants' unlawful conduct, and to enforce the important right to a discrimination and harassment-free workplace, for Plaintiffs and the public at large, Plaintiffs have incurred and continues to incur legal expenses and attorney fees. Plaintiffs are therefore entitled to reasonable attorneys' fees and litigation expenses pursuant to 29 U.S.C. § 216(b).

WHEREFORE, Plaintiffs pray for relief as set forth herein.

///

///

## SECOND CLAIM FOR RELIEF

### HARASSMENT ON THE BASIS OF SEX IN VIOLATION OF TITLE VII

### (AGAINST ALL DEFENDANTS)

80.     Plaintiffs incorporate herein by reference the preceding Paragraphs of this Complaint as fully set forth herein. This cause of action is alleged against all Defendants.

81.     Title VII prohibits an employer and any person from harassing any employee on the basis of sex.  Fuller v. City of Oakland, California, 47 F.3d 1522 (9th Cir. 1994.)

82.     Discrimination and harassment based on sexual orientation is actionable on the basis of sex under Title VII.  (*Baldwin v. Dep't of Transportation*, EEOC Appeal No. 0120133080 (July 15, 2015).

83.     A substantial motivating factor for Defendants' unlawful harassment was based on Plaintiff Jane Doe's gender and Plaintiff John Doe 's sexual orientation.

84.     Defendants created a hostile work environment for Plaintiffs and other employees and violated Title VII as heretofore alleged.

85.     As a direct and proximate result of Defendants' actions, Plaintiffs have suffered, embarrassment, loss of dignity, great humiliation, and emotional distress.

86.     As a direct, foreseeable and proximate result of Defendants' acts, Plaintiffs have suffered and continues to suffer loss of promotional opportunities, training opportunities, economic losses, lost benefits, and other consequential and foreseeable damages.

87.     By reason of Defendants' unlawful conduct, and to enforce the important right to a discrimination and harassment-free workplace, for Plaintiffs and the public at large, Plaintiffs have incurred and continues to incur legal expenses and attorney fees. Plaintiffs are therefore entitled to reasonable attorneys' fees and litigation expenses pursuant to 29 U.S.C. § 216(b).

        WHEREFORE, Plaintiffs pray for relief as set forth herein.

### THIRD CLAIM FOR RELIEF

#### SEXUAL ORIENTATION DISCRIMINATION IN

#### VIOLATION OF CALIFORNIA GOVERNMENT CODE §12940(A) [FEHA]

#### (BY PLAINTIFF JOHN DOE AGAINST ALL DEFENDANTS)

88.     Plaintiff John Doe incorporates herein by reference the preceding Paragraphs of this Complaint as fully set forth herein. This cause of action brought by Plaintiff John Doe is alleged against all Defendants.

89.     The FEHA prohibits an employer and any person from discriminating against any employee on the basis of sexual orientation.  (Cal. Gov. Code §12940.)

90.     The FEHA declares as public policy "that it is necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination" on the basis of sexual orientation and various other factors the statute enumerates.  (Cal. Gov. Code §12940.)

91.     Defendants violated California Government Code §12940(a) when they discriminated against Plaintiff John Doe based on his sexual orientation as heretofore alleged.

92.     Defendants actions negatively affected the terms and conditions of employment.  A substantial motivating factor for Defendants' unlawful actions was discrimination based on Plaintiffs' sexual orientation.

93.     As a direct and proximate result of Defendants' discriminatory actions, Plaintiff has suffered, embarrassment, loss of dignity, great humiliation, and emotional distress.

94.     As a direct, foreseeable and proximate result of Defendants' acts, Plaintiff has suffered and continues to suffer loss of promotional opportunities, training opportunities, economic losses, lost retirement and other benefits, and other consequential and foreseeable damages.

95.     By reason of Defendants' unlawful conduct, and to enforce the important right to a discrimination and harassment-free workplace, for Plaintiff and the public at

large, Plaintiff has incurred and continues to incur legal expenses and attorney fees. Plaintiff is therefore entitled to reasonable attorneys' fees and litigation expenses pursuant to C.C.P. §1021.5 and Government Code §12965(b).

WHEREFORE, Plaintiff prays for relief as set forth herein.

## FOURTH CLAIM FOR RELIEF

### SEXUAL ORIENTATION HARASSMENT IN

### VIOLATION OF CALIFORNIA GOVERNMENT CODE §12940(J) [FEHA]

### (BY PLAINTIFF JOHN DOE AGAINST ALL DEFENDANTS)

96.    Plaintiff John Doe incorporates herein by reference the preceding Paragraphs of this Complaint as fully set forth herein. This cause of action brought by Plaintiff John Doe is alleged against all Defendants.

97.    California Government Code §12940(j) prohibits an employer and any person from harassing any employee on the basis of sexual orientation.

98.    Defendants violated California Government Code §12940(j) when they harassed Plaintiff on the basis of sexual orientation.  Defendants, and each of them, participated in the harassing conduct or assisted or encouraged it.

99.    Defendants' harassing conduct was so severe, widespread, or persistent that a reasonable person in Plaintiff's circumstances would have considered the work environment to be hostile or abusive.

100.    Plaintiff considers the work environment to be hostile or abusive.

101.    A substantial motivating factor for the harm caused to Plaintiff was Defendants' unlawful actions was Plaintiff's sexual orientation.

102.    As a direct and proximate result of Defendants' discriminatory actions, Plaintiffs have suffered, embarrassment, loss of dignity, great humiliation, and emotional distress.

103.    As a direct, foreseeable and proximate result of Defendants' acts, Plaintiff has suffered and continues to suffer loss of promotional opportunities, training

opportunities, economic losses, lost retirement and other benefits, and other consequential and foreseeable damages.

104.    By reason of Defendants' unlawful conduct, and to enforce the important right to a discrimination and harassment-free workplace, for Plaintiff and the public at large, Plaintiff has incurred and continues to incur legal expenses and attorney fees. Plaintiff is  therefore entitled to reasonable attorneys' fees and litigation expenses pursuant to the C.C.P. §1021.5 and Government Code §12965(b).

WHEREFORE, Plaintiff prays for relief as set forth herein.

## FIFTH CLAIM FOR RELIEF

### GENDER BASED DISCRIMINATION IN

### VIOLATION OF CALIFORNIA GOVERNMENT CODE §12940(A) [FEHA]

### (BY PLAINTIFF JANE DOE AGAINST ALL DEFENDANTS)

105.    Plaintiff Jane Doe incorporates herein by reference the preceding Paragraphs of this Complaint as fully set forth herein. This cause of action brought by Plaintiff Jane Doe is alleged against all Defendants.

106.    The FEHA prohibits an employer and any person from discriminating against any employee on the basis of sex or gender.  (Cal. Gov. Code §12940.)

107.    The FEHA declares as public policy "that it is necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination" on the basis of sex and various other factors the statute enumerates.  (Cal. Gov. Code §12940.)

108.    Defendants violated California Government Code §12940(a) when they discriminated against Plaintiff Jane Doe based on her gender as heretofore alleged.

109.    Defendants actions negatively affected the terms and conditions of employment.  A substantial motivating factor for Defendants' unlawful actions was discrimination based on Plaintiffs' gender.

110.     As a direct and proximate result of Defendants' discriminatory actions, Plaintiff has suffered, embarrassment, loss of dignity, great humiliation, and emotional distress.

111.     As a direct, foreseeable and proximate result of Defendants' acts, Plaintiff has suffered and continues to suffer loss of promotional opportunities, training opportunities, economic losses, lost retirement and other benefits, and other consequential and foreseeable damages.

112.     By reason of Defendants' unlawful conduct, and to enforce the important right to a discrimination and harassment-free workplace, for Plaintiff and the public at large, Plaintiff has incurred and continues to incur legal expenses and attorney fees. Plaintiff is therefore entitled to reasonable attorneys' fees and litigation expenses pursuant to the C.C.P. §1021.5 and Government Code §12965(b).

WHEREFORE, Plaintiff prays for relief as set forth herein.

### FIFTH CLAIM FOR RELIEF

#### GENDER BASED HARASSMENT IN
#### VIOLATION OF CALIFORNIA GOVERNMENT CODE §12940(J) [FEHA]
#### (BY PLAINTIFF JANE DOE AGAINST ALL DEFENDANTS)

113.     Plaintiff Jane Doe incorporates herein by reference the preceding Paragraphs of this Complaint as fully set forth herein. This cause of action brought by Plaintiff Jane Doe is alleged against all Defendants.

114.     California Government Code §12940(j) prohibits an employer and any person from harassing any employee on the basis of sex or gender.

115.     Defendants violated California Government Code §12940(j) when they harassed Plaintiff on the basis of her gender.  Defendants, and each of them, participated in the harassing conduct or assisted or encouraged it.

116.    Defendants' harassing conduct was so severe, widespread, or persistent that a reasonable person in Plaintiff's circumstances would have considered the work environment to be hostile or abusive.

117.    Plaintiff considers the work environment to be hostile or abusive.

118.    A substantial motivating factor for the harm caused to Plaintiff was Defendants' unlawful actions was Plaintiff's gender.

119.    As a direct and proximate result of Defendants' discriminatory actions, Plaintiffs have suffered, embarrassment, loss of dignity, great humiliation, and emotional distress.

120.    As a direct, foreseeable and proximate result of Defendants' acts, Plaintiff has suffered and continues to suffer loss of promotional opportunities, training opportunities, economic losses, lost retirement and other benefits, and other consequential and foreseeable damages.

121.    By reason of Defendants' unlawful conduct, and to enforce the important right to a discrimination and harassment-free workplace, for Plaintiff and the public at large, Plaintiff has incurred and continues to incur legal expenses and attorney fees. Plaintiff is therefore entitled to reasonable attorneys' fees and litigation expenses pursuant to the C.C.P. §1021.5 and Government Code §12965(b).

WHEREFORE, Plaintiff prays for relief as set forth herein.

## <u>SEVENTH CLAIM FOR RELIEF</u>

**Retaliation for Opposing Unlawful Gender and Sexual Orientation Discrimination and Harassment in Violation of California Government Code §§12940(h)**

**(Against All Defendants)**

122.    Plaintiffs incorporate herein by reference the preceding Paragraphs of this Complaint as fully set forth herein. This cause of action is alleged against all Defendants.

123.    California Government Code § 12940(h) provides that it is an unlawful employment practice for an employer or any other person to retaliate against an employee for opposing an unlawful employment practice, filing a complaint of discrimination or harassment, or participating in any investigation or proceeding involving a claim of discriminatory treatment.  Defendants violated Government Code §§ 12940 *et. seq.* when they retaliated against Plaintiffs in the terms and conditions of employment, took adverse employment actions against Plaintiffs for participating in a complaint investigation, and/or reporting and lodging complaints of discriminatory treatment and harassment in the workplace.

124.    Defendants' conduct toward Plaintiffs as alleged above, constitutes an unlawful employment practice in violation of California Government Code §12940.

125.    A substantial motivating factor for Defendants' unlawful retaliatory actions was Plaintiffs' protests concerning Defendants' unlawful activity including Plaintiffs' complaints about discrimination, harassment and other adverse actions.

126.    As a direct and proximate result of Defendants' retaliatory conduct, Plaintiffs have suffered harm in the form of loss of employment, reputational harm, indignity, great humiliation and emotional distress.

127.    Defendants' actions have caused and continue to cause Plaintiffs harm in the form of lost promotional and training opportunities, unsafe workplace or substantial losses in earnings, lost benefits, loss of significant reputation and professional injury, employment benefits, future lost wages, attorneys' fees, costs, all to their damage in an amount according to proof.

128.    By reason of Defendants' unlawful conduct, and in order to enforce the important right to a discrimination and harassment-free workplace, both Plaintiffs and the public at large, Plaintiffs have incurred and continues to incur legal expenses and attorney fees.  Plaintiffs are therefore entitled to reasonable attorneys' fees and litigation expenses per C.C.P. §1021.5 and Government Code §12965(b).

WHEREFORE, Plaintiffs pray for relief as set forth herein.

## EIGHTH CLAIM FOR RELIEF

### FAILURE TO INVESTIGATE AND PREVENT DISCRIMINATION
### VIOLATION OF CALIFORNIA GOVERNMENT CODE § 12940(K)
### (AGAINST ALL DEFENDANTS)

129.    Plaintiffs incorporates herein by reference the preceding Paragraphs of this Complaint as fully set forth herein. This cause of action is alleged against all Defendants.

130.    California Government Code § 12940(k) provides that it is an unlawful employment practice for an employer to fail to take all reasonable steps necessary to prevent discrimination, retaliation, and harassment from occurring in the workplace.

131.    Defendants violated Government Code §12940 with regard to Plaintiffs when Defendants knowingly and recklessly failed to investigate Plaintiffs' concerns and complaints and permitted Collins to continue with his pattern of harassment, discrimination and retaliation against Plaintiffs on the basis of gender and sexual orientation.  Defendants failed to conduct a meaningful, effective, reasonable and impartial investigation when Plaintiffs complained about discriminatory conduct and failed to take reasonable steps necessary to investigate the misconduct and prevent it from occurring and continuing.

132.    Defendants' conduct toward Plaintiffs as alleged above, constitutes an unlawful employment practice in violation of California Government Code §12940 *et. seq*.

133.    As a direct and proximate result of Defendants' unlawful actions, Plaintiffs suffered loss of employment opportunities, loss of dignity, great humiliation, and emotional injuries and emotional distress.

134.    Defendants' actions have caused and continue to cause Plaintiffs substantial losses in earnings, significant reputation and professional injury, loss of promotional opportunities and other employment benefits, lost wages, attorneys' fees,

medical expenses, loss of future earnings and benefits, loss of benefits, cost of suit, humiliation, embarrassment and anguish, all to their damage in an amount according to proof.

135.    As a direct and proximate result of Defendants' retaliatory conduct, Plaintiffs have suffered loss of employment, indignity, great humiliation and emotional distress.

136.    By reason of Defendants' unlawful conduct, and in order to enforce the important right to a discrimination and harassment-free workplace, both Plaintiffs and the public at large, Plaintiffs have incurred and continues to incur legal expenses and attorney fees. Plaintiff is therefore entitled to reasonable attorneys' fees and litigation expenses per C.C.P. §1021.5 and Cal. Gov. Code §12965(b).

WHEREFORE, Plaintiffs pray for relief as set forth herein.

### SEVENTH CLAIM FOR RELIEF

#### DECLARATORY AND INJUNCTIVE RELIEF

#### (AGAINST ALL DEFENDANTS)

137.    Plaintiffs incorporates herein by reference the preceding Paragraphs of this Complaint as fully set forth herein.

138.    Government Code § 12920 sets forth the public policy of the State of California as follows:

It is hereby declared as the public policy of this state that it is necessary to protect and safeguard the right and opportunity of all persons to seek, obtain, and hold employment without discrimination or abridgment on account of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, or sexual orientation.

It is recognized that the practice of denying employment opportunity and discriminating in the terms of employment for these reasons foments domestic

strife and unrest, deprives the state of the fullest utilization of its capacities for development and advancement, and substantially and adversely affects the interests of employees, employers, and the public in general.

Further, the practice of discrimination because of race, color, religion, sex, gender, gender identity, gender expression, sexual orientation, marital status, national origin, ancestry, familial status, source of income, disability, or genetic information in housing accommodations is declared to be against public policy.

It is the purpose of this part to provide effective remedies that will eliminate these discriminatory practices. This part shall be deemed an exercise of the police power of the state for the protection of the welfare, health, and peace of the people of this state.

139. Government Code §12920.5 embodies the intent of the California legislature and states as follows:

In order to eliminate discrimination, it is necessary to provide effective remedies that will both prevent and deter unlawful employment practices and redress the adverse effects of those practices on aggrieved persons. To that end, this part shall be deemed an exercise of the Legislature's authority pursuant to Section 1 of Article XIV of the California Constitution.

140. Moreover, Government Code §12921, subdivision (a) states in pertinent part:

[T]he opportunity to seek, obtain, and hold employment without discrimination because of race, religious creed, color, national origin, ancestry, physical disability, mental disability, medical condition, genetic information, marital status, sex, gender, gender identity, gender expression, age, or sexual orientation is hereby recognized as and declared to be a civil right.

141. An actual controversy has arisen and now exists between Plaintiffs and Defendants, and each of them, concerning their respective rights and duties as it is

believed that Defendants may allege that the actions about which Plaintiffs have complained were based on non-discriminatory, legitimate reasons and not in retaliation for his exercise of protected conduct. Plaintiffs contend that the reasons given by Defendants, and each of them, were a pretext to mask their true reason(s) for taking the actions against them about which they have complained. On information and belief, Defendants shall dispute Plaintiffs' contentions and shall assert their reasons were nondiscriminatory and legitimate.

142.    Pursuant to Code of Civil Procedure § 1060, Plaintiffs desire a judicial determination of his rights and duties, and a declaration that Plaintiffs' exercise of protected conduct were substantial motivating factors in the decision to take the actions against them about which Plaintiffs complain.

143.    A judicial declaration is necessary and appropriate at this time under the circumstances in order that Plaintiffs, for themselves and on behalf of employees at CITY OF NOVATO and in conformity with the public policy of the State, obtain a judicial declaration of the wrongdoing of Defendants, and each of them, and to condemn such discriminatory employment policies or practices.  (*Harris v. City of Santa Monica* (2013) 56 Cal.4th 203, 211.)

144.    A judicial declaration is necessary and appropriate at this time such that Defendants, and each of them, may also be aware of its obligations under the law to not engage in discriminatory practices and violate the law.

145.    Government Code §12965(b) provides that an aggrieved party, such as the Plaintiffs herein, may be awarded reasonable attorney's fees and costs. In civil actions brought under this section, the court, in its discretion, may award to the prevailing party, including the department, reasonable attorney's fees and costs, including expert witness fees. Such fees and costs expended by an aggrieved party may be awarded for the purpose of redressing, preventing, or deterring discrimination.

## **DAMAGES**

146.    As a legal result of the conduct by Defendants of which Plaintiffs complain, Plaintiffs suffer and continue to suffer substantial losses in earnings and other employee benefits.  Plaintiffs will seek leave to amend this Complaint to state the amount or will proceed according to proof at trial.

147.    Plaintiffs suffered emotional distress as a legal result of the conduct by Defendants of which Plaintiffs complain.

148.    At all material times, Defendants, and each of them, knew that Plaintiffs depended on his wages and other employee benefits as a source of earned income.  At all material times, Defendants were in a position of power over Plaintiffs, with the potential to abuse that power.

## **PRAYER FOR RELIEF**

Wherefore Plaintiffs pray for judgment against Defendants, and each of them, as follows:

1.    For a money judgment representing compensatory damages including medical expenses, both past and future, lost wages, earnings, lost retirement benefits and other employee benefits, and all other sums of money, and all other special and general damages according to proof, together with interest on these amounts, according to proof;

2.    For an award of money judgment for emotional distress, according to proof;

3.    For prejudgment and post-judgment interest;

4.    For declaratory and affirmative and injunctive relief as follows:

(a) for an injunction restraining Defendants, and each of them, from continuing or maintaining any policy, practice, custom or usage which discriminates against any employee in violation of FEHA, Cal. Gov. Code §§ 12900 *et seq.*;

(b) for an injunction restraining Defendants, and each of them, along with their supervising employees, agents and all those subject to its control or acting in concert with it from causing, encouraging, condoning or permitting the practice of discrimination, retaliation or willful violations of FEHA, Cal. Gov. Code §§ 12900 *et seq*.;

(c) for affirmative relief requiring Defendants, and each of them, to develop clear and effective policies and procedures for employees complaining of retaliation or violations of FEHA, Cal. Gov. Code §§ 12900 *et seq*., so they may have their complaints promptly and thoroughly investigated (by a neutral fact finder) and informal as well as formal processes for hearing, adjudication and appeal of the complaints; and,

5.     For attorney fees and costs including those allowed pursuant to C.C.P. § 1021.5, Gov. Code § 12965(b), and 29 U.S.C. § 216(b).

6.     For any other relief that is just and proper.

Dated:  May 13, 2016                          SHEA LAW OFFICES


By:     */s/ Mary Shea Hagebols*
                                              Mary Shea Hagebols
                                              Attorney for Plaintiffs
                                              JOHN DOE and JANE DOE

## JURY TRIAL DEMANDED

Plaintiffs JOHN DOE and JANE DOE hereby demands a jury trial on all causes of action and claims to which they has a right to jury trial.

Dated:  May 13, 2016                          SHEA LAW OFFICES


By:     */s/ Mary Shea Hagebols*
                                              Mary Shea Hagebols
                                              Attorney for Plaintiff
                                              JOHN DOE and JANE DOE