UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY A AMES, et al.,<br><br>    Plaintiffs,<br><br>    v.<br><br>CITY OF NOVATO,<br><br>    Defendant. | Case No.16-cv-02590-JST<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: ECF No. 44 |

    Before the Court is Defendant's motion to dismiss portions of Plaintiffs' Second Amended Complaint. ECF No. 44. The Court will grant the motion.

**I.    BACKGROUND**

    Plaintiffs Sasha D'Amico and Jeffrey Ames allege that their employer, the City of Novato Police Department, discriminated against and harassed them based on their gender and sexual orientation, respectively. Second Amended Compl. ("SAC"), ECF No. 43.[1] They bring several claims under Title VII and California's Fair Employment and Housing Act ("FEHA").

    The Court previously dismissed Plaintiff Ames' FEHA harassment claim because he alleged only discriminatory personnel management functions that do not fall within FEHA's definition of harassment. ECF No. 38 at 9–11. In its Order dismissing that claim, the Court explained that "almost all of Ames' factual allegations are related to Lieutenant Collins' performance of necessary personnel management duties" and that such allegations "are

---

[1] The Court previously dismissed all claims against Plaintiffs' supervisor, Lieutenant Oliver Collins, with prejudice because he may not be held individually liable for those claims and any claims against him in his individual capacity would be duplicative. ECF No. 38. As a result, the City of Novato is the only remaining Defendant in this case.

insufficient as a matter of law to state a claim for harassment under FEHA." Id. The Court further explained that, although Ames' allegations regarding "bullying" and "unwarranted emails" could possibly relate to conduct outside the scope of essential personnel management duties, Ames had failed to provide adequate factual content to support that claim. Id. The Court granted Ames leave to amend the complaint, noting that "[i]n his amended complaint, Ames should allege sufficient factual content to demonstrate that Lieutenant Collins engaged in harassing conduct that fell outside the scope of his personnel management duties." Id. at 12.

Plaintiffs have now filed a Second Amended Complaint, and the Defendants move to dismiss Ames' FEHA harassment claim on the same ground. SAC, ECF No. 43; ECF No. 44.

## II. LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." Mendiondo v. Centinela Hosp. Med. Ctr., 521 F.3d 1097, 1104 (9th Cir. 2008). The Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." Knievel v. ESPN, 393 F.3d 1068, 1072 (9th Cir. 2005).

## III. ANALYSIS

Defendants move to dismiss Ames' FEHA harassment claim on the ground that he has failed to allege harassing conduct. ECF No. 44.

The California Supreme Court has defined harassment as "conduct outside the scope of necessary job performance, conduct presumably engaged in for personal gratification, because of meanness or bigotry, or for other personal motives." Janken v. GM Hughes Elecs., 46 Cal. App. 4th 55, 63 (1996). For example, "harassment includes, but is not limited to, verbal epithets or derogatory comments, physical interference with freedom of movement, derogatory posters or

cartoons, and unwanted sexual advances." Id.; see also Cal. Code Regs. tit. 2, § 11019 (defining harassment). Harassment does not include the performance of necessary personnel management duties, such as "hiring and firing, job or project assignments, office or work station assignments, promotion or demotion, performance evaluations, the provision of support, the assignment or nonassignment of supervisory functions, deciding who will and who will not attend meetings, deciding who will be laid off, and the like." Janken, 46 Cal. App. 4th at 63-65. In other words, "discrimination refers to bias in the exercise of official actions on behalf of the employer, and harassment refers to bias that is expressed or communicated through interpersonal relations in the workplace." Roby v. McKesson Corp., 47 Cal. 4th 686, 707 (2009), as modified (Feb. 10, 2010).

The Second Amended Complaint alleges only discriminatory conduct, not harassing conduct. Again, Ames alleges that Lieutenant Collins performed his official duties in a discriminatory manner by treating Ames differently than similarly situated, heterosexual officers. For example, Ames alleges that Collins did not allow Ames to tint the windows of his patrol vehicle, denied Ames' training opportunities, denied Ames' use of his canine vehicle, scrutinized Ames' uniform, and wrote Ames up for misconduct on various occasions. ECF No. 43 ¶¶ 55–76. All of these allegations relate to bias in the exercise of official actions on behalf of the employer. Roby, 47 Cal. 4th at 707. The same is true of Ames' allegation that Collins copied other officers on emails in which he reprimanded Ames. ECF No. 43 ¶ 62; Roby, 47 Cal. 4th at 709 (explaining that the supervisor's reprimands of the plaintiff in front of her coworkers was "best characterized as [an] official employment action[]"). None of this conduct falls within FEHA's definition of harassment. See Janken, 46 Cal. App. 4th at 63-65. And Ames fails to allege additional factual content to support his vague allegations regarding "bullying" or "unwarranted emails." ECF No. 43. ¶¶ 59, 65.

Plaintiffs argue that the performance of these official employment actions nonetheless support Ames' harassment claim because they were used to convey a hostile message. ECF No. 45 at 4.

It is true that "in some cases the hostile message that constitutes the harassment is conveyed through official employment actions, and therefore evidence that would otherwise be

associated with a discrimination claim can form the basis of a harassment claim." Roby, 47 Cal. 4th at 708. In Roby, for example, the court concluded that official employment actions "may have contributed to the hostile message that [the supervisor] was expressing to [the plaintiff] in other, more explicit ways." Id. at 709. There, the employer had communicated a hostile message through *both* harassing conduct and discriminatory employment actions. Roby, 47 Cal. 4th at 695. The employer's harassing conduct included "ma[king] negative comments in front of other workers about [the plaintiff's] body odor," calling the plaintiff "disgusting," "openly ostraciz[ing] [the plaintiff] in the office," ignoring her, and making facial expressions of disapproval toward her. Id.

Notwithstanding this evidentiary overlap, discrimination and harassment are still distinct claims under FEHA. See Reno v. Baird, 18 Cal.4th 640, 657 (1998) ("Harassment claims are legitimately distinguished from discrimination claims because they are based on different types of conduct."). And, unlike the plaintiff in Roby, Ames has failed to point to even a single instance of harassing conduct. Instead, he relies solely on discriminatory employment actions to support his harassment claim. If a plaintiff could state a FEHA harassment claim by simply repeating the same factual allegations underlying his FEHA discrimination claim, the California legislature's distinction between the two kinds of claims would be rendered meaningless. See id.

Nor do the official employment actions alleged in the Second Amended Complaint plausibly "establish a widespread pattern of bias" sufficient to convey a hostile message. Roby, 47 Cal. 4th at 709 (citing Miller v. Department of Corrections, 36 Cal. 4th 446, 466 (2005)). In Miller, the court concluded that the plaintiffs had established a *prima facie* claim for harassment under FEHA based on severe, pervasive, and widespread sexual favoritism that benefitted female employees who had sexual affairs with their supervisors. Miller, 36 Cal. 4th at 466–68. In particular, the court relied on evidence that a supervisor had "engaged concurrently in sexual affairs with three subordinate employees," other employees had witnessed sexual contact between supervisors and subordinates at work, and "affairs between supervisors and subordinates were common . . . and were widely viewed as a method of advancement." Id. This conduct collectively conveyed a demeaning message about female employees "that had an effect on the work force as a

4

whole." Id. In contrast, Ames alleges that discriminatory employment actions based on sexual orientation were directed at him alone, and these allegations do not plausibly suggest that employment actions favoring heterosexual males were so widespread and pervasive in the police department that they conveyed a hostile message absent any specific harassing conduct.

Because the Second Amended Complaint fails to allege harassing conduct as to Ames, the Court grants Defendants' motion to dismiss that claim.

Plaintiffs have not requested leave to amend, and the Court concludes that amendment would be futile in any event. This is Plaintiffs' Second Amended Complaint, so the Court's "discretion to deny leave to amend is 'particularly broad.'" Salameh v. Tarsadia Hotel, 726 F.3d 1124, 1133 (9th Cir. 2013), cert. denied, No. 13–763, 2014 WL 684134 (U.S. Feb. 24, 2014) (quoting Sisseton–Wahpeton Sioux Tribe v. United States, 90 F.3d 351, 355 (9th Cir. 1996)). The Plaintiffs already failed to cure this deficiency once despite specific instructions from this Court on how to amend the complaint. Id. The Court accordingly dismisses the FEHA harassment claim without leave to amend.

## CONCLUSION

The Court dismisses Ames' FEHA harassment claim with prejudice.

IT IS SO ORDERED.

Dated: January 12, 2017

_____
JON S. TIGAR
United States District Judge